IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CR-289-FL
NO. 5:09-CV-161-FL

| | |
|---|---|
| DAVID C. SPENCE,<br>　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br>　　Respondent.<br>_____ | **MEMORANDUM AND<br>RECOMMENDATION** |

This Cause comes before the Court upon the Government's Motion to Dismiss [DE-28] *pro se* Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("Motion to Vacate"). [DE-25]. Petitioner has filed a response [DE-31]and the Government's Motion to Dismiss is now ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1) this matter is before the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is HEREBY RECOMMENDED that the Government's Motion to Dismiss [DE-28] be GRANTED and that Petitioner's Motion to Vacate [DE-25] be DENIED.

**I.  Background**

Petitioner was charged in a criminal information on September 28, 2007 with conspiracy to distribute and possess with the intent to distribute more than 50 grams of cocaine base. [DE-1] On November 15, 2008, Petitioner pled guilty to the charge contained in the criminal information. [DE's 5-8]. This guilty plea was memorialized in a Plea

Agreement filed and approved by this Court. [DE-8]. He was sentenced on March 5, 2008 to a total of 241 months imprisonment. [DE-17].[1]  No direct appeal was filed by Petitioner. Petitioner filed the instant Motion to Vacate on April 6, 2009. [DE 25-2].

**II. Legal Standards and Analysis**

**A.  Motion to Dismiss**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint. Such a motion to dismiss should not be granted unless it appears certain that plaintiff can prove no set of facts that would support his claim and entitle him to relief. *See* Mylan Laboratories v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a motion to dismiss, the court assumes that the allegations of the complaint are true and construes them in a light most favorable to the plaintiff. *See* Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); GE Investment Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001). Plaintiff, as a *pro se* litigant, is entitled to have his pleadings construed more liberally than those drafted by attorneys. *See* Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, there are limits to which the court may legitimately go in construing such complaints. *See* Beaudett v. City of Hampton, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

**B.  28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 requires a petitioner to prove by a preponderance of the evidence that his "sentence was imposed in violation of the Constitution or laws of the

---

[1] Petitioner's judgment was amended on June 26, 2008. The judgment was amended simply to reflect the correct identification number assigned to Petitioner by the United States Marshal's Service.

2

United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Claims under 28 U.S.C. § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). This limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
> 28 U.S.C. § 2255(f)(1-4).

Here, the latest applicable date is the date on which the judgment of conviction became final. If a defendant does not timely appeal the trial court's final judgment, as in this case, his conviction becomes final 10 business days after entry of final judgment, when petitioner's opportunity to appeal expires. See Clay v. United States, 537 U.S. 522, 528 (2003); Fed. R.App. P. 4(b). Accordingly, Petitioner's conviction became final on March 19, 2008, 10 business days after entry of final judgment. Petitioner had until March 19, 2009 to timely file his § 2255 motion. However, Petitioner's Motion to Vacate was not properly filed until April 6, 2009. [DE-25]. Therefore, Petitioner's Motion to Vacate is untimely on its face, and must be dismissed unless it is eligible for equitable tolling.

The doctrine of equitable tolling generally is appropriate in two distinct situations: where the petitioner was prevented from asserting his claim by some wrongful conduct on the part of the respondent, or where extraordinary circumstances beyond the petitioner's control made it impossible to file the claims on time. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Id. Specifically:

> any resort to equity must be reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
> Id.

Moreover, a litigant seeking equitable tolling also bears the burden of establishing that he has been pursuing his rights diligently. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Here, there is no assertion that the Government prevented Petitioner from asserting his claim by some wrongful conduct. Thus, Petitioner must establish that extraordinary circumstances beyond the petitioner's control made it impossible to file the claims on time. Petitioner has failed to meet this burden.

The undersigned entered an order on March 16, 2009 returning an attempted filing to Petitioner because it: 1) was not on the forms prescribed for use by this Court; and 2) was not signed or did not have an original signature. [DE 31, pg. 7]. Therefore, these papers were not assigned a case number by this Court and were returned unfiled to Petitioner. Petitioner

re-submitted his Motion to Vacate, and these papers were also returned to him because they did not have an original signature. [DE-24]. Finally, on April 6, 2009 Petitioner properly filed his Motion to Vacate. [DE 25-2]. His properly filed Motion to Vacate was signed and dated by Petitioner on March 20, 2009. [DE-24, pg. 13].

Generally, a defendant seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir.2003). Mere lack of knowledge as to a statutory deadline for filing for federal habeas relief or unfamiliarity with the legal process does not support granting such extraordinary relief. See Harris, 209F.3d at 330. Likewise, Petitioner's unfamiliarity with the process of properly filing a 2255 petition does not justify equitable tolling. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir.2004) (pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.1999) (noting that unfamiliarity with the law due to illiteracy does not toll limitations period). Thus, there are no extraordinary circumstances that prevented Petitioner from bringing a timely § 2255 motion. Accordingly, the undersigned RECOMMENDS that Petitioner's Motion to Vacate be dismissed on the grounds that it is time-barred.

Moreover, Petitioner's Motion to Vacate fails to state a claim even if it was timely. Petitioner asserts that his guilty plea is invalid because the officers who arrested him "made a verbal contract promissing [sic] immunity from prosecution in exchange for cooperation."

5

[DE-25, pg. 4]. Therefore, Petitioner contends that he was provided ineffective assistance of counsel because his attorney failed to enforce this "verbal contract."

The plain terms of Petitioner's Memorandum of Plea Agreement [DE-8] demonstrate the invalidity of this claim. In pertinent part, the Memorandum of Plea Agreement states:

> This Memorandum constitutes the full and complete record of the plea agreement. There are no other terms of this agreement in addition to or different from the terms herein . . .
>
> The Defendant agrees . . . [t]o waive knowingly in the right to appeal whatever sentence is imposed on any ground . . . and further to waive all rights to contest the conviction or sentence in any post-conviction proceedings, including one pursuant to 28 U.S.C. § 2255, excepting the Defendant's right to appeal based upon grounds of ineffective assistance of counsel . . . not known to the Defendant at the time of the Defendant's guilty plea
> [DE-8, pg. 1-2].

Therefore, Petitioner's assertions go directly against the representations he made in his plea agreement.

The Fourth Circuit has held that a waiver of collateral-attack rights is valid as long as the waiver is knowingly and voluntarily made. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir.2005). Determining whether a waiver is knowing and voluntary depends "upon the particular facts and circumstances surrounding the case, including the background, experience and conduct of the accused." United States v. Davis, 954 F.2d 182, 186 (4th Cir.1992) (internal citation and quotation marks omitted). "[A] defendant's solemn declarations in open court affirming [a plea] agreement ... 'carry a strong presumption of verity.' " United States v. White, 366 F.3d 291, 295 (4th Cir.2004) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Thus, "in the absence of extraordinary circumstances,

allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.' " [Lemaster, 403 F.3d at 221](#) (quoting Crawford v. United States, 519 F.2d 347, 350 (4th Cir.1975)). If a district court determines that a petitioner knowingly and voluntarily waived his collateral-attack rights, and that the petitioner's claims fall within the scope of the waiver, the court must dismiss the § 2255 motion without addressing the merits of those claims. See [Id. at 22](#).

Having reviewed the record in this case, the Court agrees with the Government that Petitioner knowingly and voluntarily waived his right to collaterally attack his conviction and sentence. By signing the plea agreement, Petitioner affirmed that he had carefully reviewed the agreement with his attorney and that he understood the plea agreement's terms. Moreover, during the plea hearing, Petitioner testified as follows:

> The Court: . . . Now Mr. Spence, you have been furnished a copy of the criminal information charging you with conspiracy to distribute and possess with intent to distribute and possess with intent to distribute more than 50 grams of crack cocaine; Have you not?
>
> [Petitioner]: Yes, sir . . .
>
> . . . The Court: . . . Now Mr. Spence, have you had time to and have you, in fact, discussed your case and your plea with your attorney, Mr. Todd?
>
> [Petitioner]: Yes, sir.
>
> The Court: Are you satisfied with Mr. Todd's representation of you throughout this case?
>
> [Petitioner]: Yes, sir.

7

The Court: Has he been a good lawyer for you?

[Petitioner]: Yes, sir, he has.

The Court: You are sure about that?

[Petitioner]: Definitely . . .

 . . . The Court: . . . In [the] plea agreement it appears, among other things, that you have agreed to plead guilty to the criminal information as well as knowingly and expressly waive your appeal rights.

I ask you, Mr. Spence, did you have the opportunity to read and review this plea agreement with Mr. Todd, your attorney, before you signed it?

[Petitioner]: Yes, sir.

The Court: After you read it and reviewed the plea agreement with Mr. Todd, did you understand all the terms, the language, the words, phrases, even the fancy legal words and phrases?

[Petitioner]: Yes, sir.

The Court: Has anybody promised you anything not written down on this plea agreement to get you to plead guilty?

[Petitioner]: No, sir.

The Court: Has anybody threatened you or tried to force you to get you to plead guilty to that serious felony charge?

[Petitioner]: No, sir.

The Court: You are sure about that?

[Petitioner]: Yes, sir.

The Court: Mr. Todd talked to you about the appeal waiver in here; did he not?

[Petitioner]: Yes, sir.

8

> The Court: Now, that appeal waiver says–and this issue comes up routinely–I am going to read it–that you have agreed to waive knowingly and expressly the right to appeal whatever sentence is imposed on any ground . . . and that you further agree to waive all rights to contest your conviction or sentence in any post-conviction proceeding including one pursuant to 28 U.S.C. Section 2255, excepting your right to appeal based upon grounds of ineffective assistance of counsel and prosecutorial misconduct not known to you at the time of your guilty plea. That is right now. And you just told me you are satisfied with Mr. Todd's service; Is that still correct?
>
> [Petitioner]: Yes, sir.
>
> The Court: All right. So you understand that appeal wavier makes it very difficult for you to appeal your sentence, whatever it might be?
>
> [Petitioner]: Yes, sir . . .
>
> . . . The Court: Have you answered all my questions truthfully, Mr. Spence?
>
> [Petitioner]: Yes, sir.
>
> The Court: Mr. Spence, would you like . . . more time to think about your plea or discuss you case or your plea with your attorney, Mr. Todd?
>
> [Petitioner]: No, sir.
> [Tr. 10-19].

Thus, Petitioner's assertions in his Motion to Vacate directly contradict his sworn statements made during a Rule 11 colloquy. Therefore they are hereby deemed 'palpably incredible' and 'patently frivolous or false.' " Lemaster, 403 F.3d at 221 (quoting Crawford v. United States, 519 F.2d 347, 350 (4th Cir.1975)). Moreover, Petitioner knowingly and voluntarily waived his collateral-attack rights, and the instant claims fall within the scope of the waiver. Accordingly, the court must dismiss the § 2255 motion without addressing the merits of those claims. See Id. at 22.

9

## **Conclusion**

For the aforementioned reasons, it is HEREBY RECOMMENDED that the Government's Motion to Dismiss [DE-28] be GRANTED and that Petitioner's Motion to Vacate [DE-25] be DENIED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 22nd day of June, 2009.

_____
William A. Webb
U.S. Magistrate Judge