IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CR-289-FL
NO. 5:09-CV-161-FL

| | |
|---|---|
| DAVID C. SPENCE, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | ORDER |

This matter comes before the court on petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (DE # 25), and the respondent's motion to dismiss (DE # 28), with benefit of the memorandum and recommendation ("M&R") of United States Magistrate Judge William A. Webb (DE # 33). The magistrate judge recommends the court grant the government's motion to dismiss and deny petitioner's motion to vacate. Petitioner filed a response objecting to the M&R, and respondent has neither objected to the M&R nor responded to petitioner's objections. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court sustains petitioner's objection regarding the timeliness of his motion, overrules petitioner's objection regarding the ineffective assistance of counsel claim, and grants respondent's motion to dismiss.[1]

## BACKGROUND

On November 15, 2007, petitioner pleaded guilty, pursuant to a plea agreement, to conspiracy

---

[1] In his response, petitioner also requested a hearing. As the record before the court is adequate to address petitioner's objections to the M&R, the request is denied.

to distribute and possess with the intent to distribute more than fifty (50) grams of cocaine base. On March 5, 2008, petitioner was sentenced by this court to three-hundred and twenty-four (324) months imprisonment. Petitioner did not file a direct appeal.

After petitioner attempted to file his § 2255 petition, it was returned to him on March 16, 2009, because it was not on the proper form prescribed for use by this Court and because it was unsigned. Petitioner then attempted to re-file his petition but it was returned on March 31, 2009, because it did not contain an original signature. Petitioner properly filed his § 2255 petition on April 6, 2009.

The undersigned referred the motion to the magistrate judge for M&R, and on June 22, 2009, the magistrate judge issued his recommendation. In his objections, petitioner contends the magistrate judge erred in determining that his petition was untimely because he is entitled to the benefit of the mailbox rule. He also contends that dismissal of his motion is improper because the magistrate judge improperly relied on the plea agreement and hearing in reaching his decision.

## DISCUSSION

A.  Standard of Review

The court may "designate a magistrate judge to submit . . . proposed findings of fact and recommendations for the disposition" of a variety of motions. 28 U.S.C. § 636(b)(1)(B). A party may object to the magistrate judge's proposed findings by filing "written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objection." Local Civil Rule 72.4(b). The court shall make a *de novo* determination of those portions of the M&R to which a party has filed objections. 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify,

2

in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

1.  Statute of Limitations Claim

The magistrate judge recommends that petitioner's § 2255 motion to vacate be dismissed as untimely. Claims under 28 U.S.C. § 2255 are subject to a one-year statute of limitations. Because petitioner's conviction became final on March 19, 2008, he had until March 19, 2009, to file a timely motion. See Clay v. United States, 537 U.S. 522, 532 (2003) (holding one-year limitations period begins to run when time to seek review of sentence expires). The magistrate judge found that petitioner's motion to vacate was untimely because it was not properly filed until April 6, 2009, after the one-year period of limitations.

Petitioner objects to the magistrate judge's recommendation that his § 2255 motion was untimely. He contends that his motion should have been considered timely filed on March 3, 2009, the date that he submitted his initial motion to prison officials for filing to the court. Citing the United States Supreme Court's ruling in Houston v. Lack, 487 U.S. 266 (1988), petitioner argues that a pro se prisoner's filings are to be considered filed at the moment of delivery to prison authorities for forwarding to the court.

In this case, petitioner attempted to file his § 2255 motion prior to the March 19, 2009 deadline but it was returned to him by the clerk because it was unsigned and not on the proper forms proscribed by this court. Petitioner attempted to re-submit his motion after the March 19, 2009 deadline but it was again returned to him because it was not signed. The magistrate judge states that the motion was untimely because it was not properly filed until April 6, 2009, after the one-year limitations period. The court agrees with petitioner.

3

Rule 3(d) of the Rules Governing Section 2255 Cases states that a filing by an inmate is deemed timely filed "if deposited in the institution's internal mailing system on or before the last day for filing." Although Rule 2 of the Rules Governing Section 2255 Cases requires that a § 2255 motion be signed and substantially follow the form proscribed by this court, the 2004 Advisory Committee Notes ("Notes") to Rule 2 and 3 are silent as to the filing date of a motion not in compliance with Rule 2.

The Notes to Rule 2, however, expressly state that "the clerk is required to file a motion, even though it may otherwise fail to comply with the provisions in revised Rule 2(b)." The Notes explain that in drafting the 2004 Amendments, the Advisory Committee "believed that the better procedure was to accept the defective motion and require the moving party to submit a corrected motion that conforms to Rule 2(b)." Rule 2 of the Rules Governing Section 2255 Cases, Advisory Committee Notes, 2004 Amendments. Accordingly, the language of the Rules and Notes reveal that a § 2255 motion filed by an inmate shall be deemed filed on the date the motion is deposited into the prison's mailing system for mailing to the court, even if the filing is not in conformity with Rule 2(b) of the Rules Governing Section 2255 Cases. See also Thompson v. Greene, 427 F.3d 263, 269 (4th Cir. 2005) (stating that "[i]n the absence of a clear legislative mandate, the Advisory Committee Notes provide a reliable source of insight into the meaning of a rule."). It is important to note, however, that even though a motion may be deemed filed for statute of limitations purposes, a court may refuse to consider the merits of the motion until it conforms with the requirements of Rule 2(b) and the local rules, including Local Rule of Civil Procedure 81.2. In this case, because petitioner initially submitted his § 2255 motion prior to the expiration of the one-year limitations period, his motion is deemed timely and his objection is sustained.

2. Ineffective Assistance of Counsel Claim

Petitioner also objects to the magistrate judge's determination that respondent is entitled to summary judgment on the issue of whether petitioner's attorney provided ineffective assistance of counsel by failing to enforce the alleged verbal contract between petitioner and his arresting officers. Petitioner claims that he was promised immunity from prosecution if he revealed the name of his drug supplier, which he did. He argues that his attorney was ineffective by failing to disclose this verbal contract to the court, thereby allowing petitioner to incriminate himself by entering into a plea agreement. According to petitioner, the magistrate judge's reliance on the plea agreement and testimony at the plea hearing was improper because if his attorney had provided effective assistance, then he would never have signed the plea agreement or testified at the plea hearing.

Petitioner's claim is based on his contention that his attorney provided ineffective assistance of counsel in violation of the Sixth Amendment. The familiar two-pronged Strickland test for ineffective assistance of counsel is modified for application in a case involving a guilty plea. Strickland v. Washington, 466 U.S. 668 (1984). Under the first prong, known as the performance prong, a petitioner must show that his counsel was incompetent; that is, that his counsel's representation fell below an objective standard of reasonableness. See Strickland, 466 U.S. at 688. The modified second prong, known as the prejudice prong, requires a showing that "there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Because Strickland requires that both prongs be satisfied, the performance prong need not be addressed if it is determined that the petitioner cannot prove prejudice. See Strickland, 466 U.S. at 697.

In making his recommendation that the respondent was entitled dismissal of petitioner's

5

motion to vacate, the magistrate judge found that petitioner validly waived his rights to collaterally attack his conviction and sentence. The magistrate judge also determined that petitioner's assertions of a verbal contract are unsupported by the evidence. This court agrees with the magistrate judge and overrules petitioner's objections.

First, it is apparent that petitioner's plea agreement contained a waiver of his appeal and collateral review rights. The waiver, contained in petitioner's Memorandum of Plea Agreement and signed by petitioner, validly waives his appeal and collateral review rights. This waiver expressly reserves petitioner's right to appeal and collaterally attack his conviction or sentence based on grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea. Petitioner's claim is that his counsel failed to inform the court of his verbal contract and that he failed to object to petitioner's signing of the plea agreement. Thus, because petitioner would have known about these alleged failures prior to entering his guilty plea, these claims are waived as a result of petitioner's plea agreement.

Further, even if petitioner's claims were not subject to the waiver, it is apparent that petitioner's assertions of a verbal contract go directly against the terms of his plea agreement and sworn testimony at the plea hearing. The record on its face demonstrates that petitioner informed the court that he had discussed his case with his attorney and understood the consequences of pleading guilty and that he was satisfied with his attorney's assistance. Petitioner also stated under oath that he understood the terms of the plea agreement and that he agreed to plead guilty and waive his appeal rights. He also stated that no one had promised him anything outside of what was contained in the plea agreement in order to get him to plead guilty. In addition, the plea agreement signed by petitioner expressly stated that the memorandum contained "the full and complete record

6

of the plea agreement. There are no other terms of this agreement in addition to or different from the terms herein . . ."

In his objection, petitioner does not assert that the plea agreement was not entered into knowingly and voluntarily. Instead, he argues that the plea agreement and testimony at the plea hearing should not be considered by this court because he would not have signed the agreement had his attorney provided effective assistance of counsel. This argument is without merit. The Fourth Circuit Court of Appeals has made clear that, "[i]n the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" United States v. LeMaster, 403 F.3d 216, 221 (4th Cir. 2005) (internal citations omitted); see also Little v. Allsbrook, 731 F.2d 238, 239–40 n.2 (4th Cir. 1984). The Fourth Circuit has also held that a defendant is bound by "the representations he makes under oath during a plea colloquy," unless there is "clear and convincing evidence to the contrary." Fields v. Attorney Gen. Of Maryland, 956 F.2d 1290, 1299 (4th Cir. 1992). Petitioner's sworn statements made in open court and further expressed in his Memorandum of Plea Agreement constitute *prima facie* proof of the truth thereof and petitioner has not presented any evidence to show otherwise.

Accordingly, petitioner's claim that a verbal contract promising him prosecutorial immunity in exchange for information is unsupported by the record. Petitioner must present at least some logic or facts to support a claim, and "[u]nsupported, conclusory allegations" do not entitle a habeas petitioner to relief. Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992). As a result, petitioner cannot prove either that his lawyer's representation fell below an objective standard of reasonableness, or that, but for counsel's errors, he would have entered into a plea agreement. Thus,

7

petitioner's remaining objections are overruled, and the court agrees with the magistrate judge's recommendation that respondent's motion to dismiss should be granted.

## CONCLUSION

For the foregoing reasons, upon *de novo* review of the magistrate judge's M&R to which specific objections have been filed, the court SUSTAINS in part petitioner's objection that his § 2255 motion was untimely but OVERRULES his objection that dismissal is improper (DE # 36). The court ADOPTS in part as its own, consistent with the reasons provided herein, the magistrate judge's alternative recommendation on the merits that respondent's motion to dismiss (DE # 33). Accordingly, respondent's motion to dismiss is GRANTED (DE # 28), and petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE # 25) is DISMISSED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 1st day of June, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

8