IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CR-289-FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| DAVID CORNELL SPENCE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for reduction of sentence pursuant to the First Step Act of 2018, (DE 69). The motion was fully briefed and in this posture the issues raised are ripe for ruling.

**BACKGROUND**

On November 15, 2007, defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 846. The court held defendant's sentencing hearing on March 5, 2008. The court determined defendant was responsible for distributing 6.94 kilograms of cocaine base under the Sentencing Guidelines' relevant conduct rules. With a criminal history category of VI, defendant's advisory Guidelines range was 324 to 405 months' imprisonment. The court sentenced defendant to 324 months' imprisonment, five years' supervised release, and imposed a $6,000 fine.

On April 28, 2014, defendant moved for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendments 750 and 759 to the Guidelines, which retroactively modified defendant's Guidelines range. The court granted the motion on May 8, 2014, reduced defendant's custodial sentence to 262 months' imprisonment.

On January 29, 2016, defendant moved for further reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Guidelines. On March 15, 2016, the court granted the motion and reduced defendant's sentence to 210 months' imprisonment.

Defendant filed the instant motion to reduce sentence on June 5, 2019, requesting further sentence reduction pursuant to the First Step Act. The government opposes defendant's motion.

## COURT'S DISCUSSION

On August 3, 2010, Congress enacted and the President signed into law the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. The Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for [cocaine base] trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." Dorsey v. United States, 567 U.S. 260, 269 (2012) (citing Fair Sentencing Act § 2(a), 124 Stat. at 2372). The statute also eliminated the mandatory minimum sentence for possession of a quantity of cocaine base. Fair Sentencing Act § 3, 124 Stat. at 2372. The Fair Sentencing Act, however, did not apply retroactively to defendants sentenced before August 3, 2010. See United States v. Black, 737 F.3d 280, 287 (4th Cir. 2013); United States v. Bullard, 645 F.3d 237, 249 (4th Cir. 2011).

The First Step Act of 2018 ("First Step Act") makes the provisions of the Fair Sentencing Act described above retroactively applicable to defendants sentenced before August 3, 2010. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222; United States v. Gravatt, 953 F.3d 258, 260 (4th Cir. 2020). Section 404 of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Id. § 404(b). The term "covered offense" means "a violation of a Federal criminal statute, the statutory penalties for

which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. § 404(a).

The court has discretion to deny relief under the Act even if the defendant meets the eligibility criteria. Id. § 404(c). Finally, the court may not impose a reduced sentence for defendants whose sentences previously were imposed or reduced in accordance with the Fair Sentencing Act, or if the defendant previously moved for relief under the First Step Act and the court denied motion on the merits. Id.

Here, defendant is eligible for relief where the statutory penalties for conspiracy to distribute more than 50 grams of cocaine base were modified by section 2 of the Fair Sentencing Act, and he is not otherwise excluded from seeking relief under the Act.[1] As noted above, defendant was originally sentenced to 324 months' imprisonment, at the bottom of the then-applicable advisory Guidelines range. Thereafter, the court reduced defendant's sentence to 210 months' imprisonment in accordance with the retroactive Guidelines amendments promulgated in response to the Fair Sentencing Act. Accordingly, the First Step Act does not change the defendant's Guidelines range.

Defendant requests that the court vary downwardly from the revised range to account for his post-sentencing conduct. Defendant's post-sentencing conduct has been exemplary. He has incurred no disciplinary infractions in over 11 years of custody, completed numerous educational

---

[1] The government argues defendant is ineligible for relief because the amount of cocaine base attributed to defendant at sentencing exceeds the 280-gram threshold necessary to trigger the 10-year mandatory minimum sentence under the Fair Sentencing Act. This argument is foreclosed by binding precedent from the United States Court of Appeals for the Fourth Circuit. Defendant is eligible for a sentence reduction because the statutory penalties for his offense of conviction were modified by the Fair Sentencing Act. See United States v. Wirsing, 943 F.3d 175, 185-86 (4th Cir. 2019). The offense conduct, including the amount of cocaine base attributed to defendant at sentencing, is irrelevant at the eligibility stage of the analysis. See id.

3

and vocational training courses, and maintained regular employment. Federal Bureau of Prisons staff have submitted correspondence attesting to defendant's "exceptional work ethic [and] professionalism" and "respect toward staff and fellow inmates." (DE 75-1). Most significantly, defendant submitted correspondence from the warden of the Federal Correctional Institution in Beckley, West Virginia ("FCI-Beckley") stating defendant was "instrumental" in assisting the institution with obtaining re-accreditation from the American Correctional Institution. (DE 77). The correspondence notes defendant "ensured the administrative building was clean and organized, helped paint walls and trim, and worked to clean and wax the floors. [Defendant] worked before and after his normal duty hours without objection to ensure everything was completed in order for FCI-Beckley to gain . . . re-accreditation [and] completed many tasks that were outside his normal duties."

The court, however, must balance defendant's post-sentencing conduct with his offense conduct and history and characteristics. The instant offense of conviction involved distribution of 6.94 kilograms of cocaine base in small quantities over the course of approximately one year. As defendant notes, he does not have a history of overt violence, and the majority of his criminal history appears related to his substance abuse problems. Defendant has committed several state felony drug offenses, although only one of them charged drug distribution with the remainder being possession offenses. Defendant also has prior convictions for larceny, resisting a public officer, driving while impaired, and reckless driving.

In these unique circumstances, the court agrees that a downward variance is appropriate based on defendant's exemplary post-sentencing conduct and where a sentence of approximately 15 years' imprisonment appears sufficient, but not greater than necessary, to accomplish the goals

4

of sentencing. The court will reduce defendant's sentence to 186 months' imprisonment – a reduction of 24 months' imprisonment – and reduce the term of supervised release to four years.

## CONCLUSION

Based on the foregoing, the court GRANTS defendant's motion to reduce sentence, (DE 69). Defendant's previously imposed sentence of 210 months' imprisonment and 5 years' supervised release is reduced to 186 months' imprisonment and 4 years' supervised release. Except as expressly modified herein and by the court's May 8, 2014 and March 15, 2016, orders, all provisions of the judgment of conviction dated March 5, 2008, remain in effect. If the amount of time defendant has already served exceeds his sentence, the sentence is reduced to time served, subject to an additional period of up to 14 days for administrative purposes of releasing the defendant.[2] The government may apply for additional delay in defendant's release in the event further quarantine is necessary to protect the public from the communicable disease known as COVID-19.

SO ORDERED, this the 21st day of May, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[2] Defendant's projected release date is January 15, 2023, which suggests this reduction will not make defendant eligible for immediate release.

5

Case 5:07-cr-00289-FL   Document 78   Filed 05/21/20   Page 5 of 5